O. B. HEADRICK, Ex'r. of E. W. HEADRICK, Dec'd. *v.* WM. J. RUBLE and S. H. PRICE, Trustees, etc.

CHANCERY PLEADINGS AND PRACTICE. *Trust. Beneficiaries. Parties.* A lot of land was conveyed to four trustees for a church. A church was built, but being in debt three of the trustees executed their notes for the amount. The amount was paid by one of the trustees whose executor files the bill against the other two trustees who signed the note,

asking for a sale of the church to pay the indebtedness upon demurrer, *Held*, that all the trustees should have been made parties, and as the interest of the two trustees who were made defendants was antagonistic to the interest of the church, that the members of the church, beneficiaries in the trust, should have been made parties.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

L. B. HEADRICK and A. B. WILSON for complainant.

INGERSOLL & SHOWN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed by complainants to subject to sale the Baptist Church at Greeneville.

Its material allegations are that testator and defendants Ruble and Price, and one M. V. Noffsinger, who is not a party, were trustees to whom a lot of ground in Greeneville which was conveyed by C. A. McGauhey, special commissioner, for the "Baptist Church in the town of Greeneville, by deed of 26th of October, 1874. Upon this lot a church was built by funds raised by subscription and otherwise, the members of the Baptist faith and order, organized as a church, appointed building and other committees.

The bill further alleges, after the house erected upon the lot was finished and occupied by the Baptists, it was found that the amount raised by subscriptions and donations, was insufficient to pay the cost of the building. Two debts, one of $989.92, and one to

John Crum for $100, which had been borrowed of him remained outstanding and due, and the said trustees, except Noffsinger, gave their notes for the same, signed by them as trustees. But as complainant is advised and believes, not so expressing the manner in which they contracted, as to relieve them of personal liability. The complainant then states that he will not insist upon holding defendants liable unless all other remedies fail.

The note for $989.92 has been reduced by various payments from subscriptions received and otherwise, and the $100 note has been paid in full by testator. The balance on the larger note, it is charged, being $444.51, was paid by testator September 8, 1874. These payments, the bill states, were made by the testator with the knowledge, consent and approval of his co-obligors, and the amount of said payments has frequently been admitted and acknowledged, as a valid debt against the church, by said trustees and other members of the Baptist Church, and as a valid lien on said lot and church building.

The prayer of the bill is that a lien be declared in favor of complainant for advances upon the lot and building thereon, and that the same be sold on credit and in bar of the equity of redemption, for their satisfaction and for general relief.

To this bill Ruble and Price, trustees, alone were made parties, Noffsinger, the other trustee, it is alleged, resides in Mississippi, and no relief is asked against him. To this bill the defendants demurred, first, because Noffsinger was not made a party. Second, the

beneficiaries who are shown to be residents are not made parties.

The demurrer was overruled with leave to rely upon it in their answer, and defendants Price and Ruble answered, relying upon their demurrer, and admitting that testator. and others undertook the building of a Baptist church in Greeneville, and raised considerable sums by subscriptions and contributions, and that a number of persons professing the Baptist faith, organized themselves into a body and organized building committees, etc., and that the lot was conveyed to testator, defendants and Noffsinger, and their successors, trustees of the Baptist Church. That testator was clerk, treasurer and contractor, and kept the books and accounts and received all the subscriptions and contributions, which were sufficient to pay for building and lots. They do not admit that the amount stated in the bill was due when the building was finished, but admit they executed with testator the note of $989.92 to one Bradford, and the note to Crum. But deny that they are personally liable thereon, and so informed testator.

They say if the contributions and members of the church fail to pay the debt, then the church property stood good for them. Testator, it is alleged, induced them to sign the notes by saying they should not be held personally liable, and before they should pay it, or the church be sold, he would pay it himself.

The parties had agreed upon a decree in favor of complainants, and to a sale of the church property.

A. M. Walker presented his petition, stating he is one of the beneficiaries in the trust property sought

Headrick *v.* Ruble & Price.

to be sold, being a member of the Baptist church or congregation at Greeneville, and asked to be' made a party to the suit. He was allowed to become a party defendant, and to adopt the answer of his co-defendants. Thereupon, by consent, Britton was appointed special commissioner to ascertain what was due testator, and report was to be filed in four weeks, and then he was ordered to sell the property if demanded by complainant, and report to next term.

The report was made and excepted to and recommitted, and on exception the chancellor rendered a decree in favor of complainant for upwards of $500, and directed the sale of the property, from which defendant Walker appealed.

Upon the foregoing facts we think the decree is erroneous and should be reversed.

The trustee, Noffsinger should have been made a party, so that if the property could be lawfully sold the purchaser might obtain a valid and perfect legal title. His residence was known and he could have been made a party.

It also appears that the two original defendants, in no proper sense represented the Baptist Church at Greeneville, nor the beneficial owners of its property, their interest being antagonistic to that of the church members. Walker, who procured himself to be made a defendant, says in his petition, that he is a member of said church or congregation. But he is but one of many others who are interested in the church property, as incidently appears from the record.

It is a general rule, subject to some exceptions (as

where it cannot be complied with), that all persons. legally or beneficially interested in a suit, should be made parties, no matter how numerous they may be: Sto. Eq. Pl., sec. 72.

In this case the parties interested in the property as members, for whose use it was conveyed to the trustees, reside in and near Greeneville, and are not very numerous, and might have been made defendants. But they were not, nor does it appear that the two original defendants were members of that particular church. Walker, in his affidavit, says they are not. It is to be supposed that an organized church would have some officials who might be regarded as its representatives, and who might have been, and should have been made defendants.

At any rate, the demurrer should have been sustained. The decree in this cause must be reversed, because the Baptist Church, and those beneficialy interested in its property, were not properly represented as defendants to the proceedings, and complainant will pay the costs of this court, and the cause will be remanded for proper parties and further proceedings.